UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON AKANDE

    v.                          CASE NO. 3:08-cv-188(WWE)

LEONARD GRASER, ET AL.

**RULING ON MOTION TO QUASH**

Pending is non-party Connecticut Department of Correction's motion to quash a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action, addressed to the Custodian of Records of the Connecticut Department of Correction. For the reasons, set forth below, the motion is granted.

The subpoena sought to be quashed was signed by an assistant clerk of this court on July 22, 2010 and the plaintiff as his own attorney, and directs the Department of Correction's Custodian of Records to appear on July 30, 2010 and produce a list of legal and professional visits made to plaintiff and a another inmate confined in Connecticut at the prison facility where plaintiff resides in Boston on July 30, 2010. The Department of Correction received the subpoena via regular United States mail on August 9, 2010, after the date for compliance had passed.

Non-party Connecticut Department of Correction moves to quash the subpoena on the ground that the subpoena failed to allow a reasonable time for compliance and compliance with the subpoena would be burdensome because the request is overly broad

and the documents sought to be produced are irrelevant and immaterial to the claims in the complaint.  Plaintiff has filed no response to the motion to quash.

Rule 45 of the Federal Rules of Civil Procedure provides for the service of a subpoena to produce and "permit inspection, copying, testing, or sampling" of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1).  A subpoena that fails to permit a reasonable time for compliance, requires a non-party to "travel more than 100 miles from" his or her residence, place of employment or place where he or she regularly transacts business, requires a person to disclose a "privileged or other protected matter," absent an "exception or waiver" or is an "undue burden" to a person may be quashed upon a timely filed motion by the person before compliance.  Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).  The movant bears the burden of persuasion in a motion to quash.  *See United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)

A party contending that a subpoena should be quashed pursuant to Rule 45(c)(3)(A)(iv) must demonstrate that compliance with the subpoena would be unduly burdensome.  *See Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003).

> An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.  Whether a subpoena

> imposes an undue burden depends upon such
> factors as relevance, the need of the party
> for the documents, the breadth of the
> document request, the time period covered by
> it, the particularity with which the
> documents are described and the burden
> imposed.

*Travelers Indemnity Co. v. Metropolitan Life Insurance Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (internal quotation marks and citation omitted). Ultimately, "[t]he determination of issues of burden and reasonableness is committed to the sound discretion of the trial court." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

Plaintiff seeks copies of documents showing legal and professional visits made to both himself and another inmate confined within the Connecticut Department of Correction. It is clear that these documents are irrelevant to the claims in the complaint, which relate to Officer Graser's alleged deliberate indifference to an injury suffered by plaintiff when he fell in the hallway of Corrigan-Radgowski Correctional Institution in May 2007. In addition, the subpoena fails to limit the request for documents to a particular time period or demonstrate plaintiff's need for the documents in relation to the claims in the complaint. Furthermore, discovery is closed and the defendant has moved for summary judgment. The court concludes that the subpoena directed to non-party Custodian of Records for the Connecticut Department of Correction is also unduly burdensome. Thus, the motion to quash is granted.

**Conclusion**

The Motion to Quash Subpoena directed to the Custodian of Records for the Connecticut Department of Correction [**Doc. No. 47**] is **GRANTED**.

**SO ORDERED** at Bridgeport, Connecticut this 2nd day of September, 2010.

                                    /s/ Holly B. Fitzsimmons
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE